# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL LOVELL,**
**No. 10039-025,**
       **Petitioner,**

**vs.**                                                                                     Case No. 17–cv–541-DRH

**B. TRUE**

       **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Petitioner Michael Lovell, currently incarcerated in the United States Penitentiary at Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Relying on the recent case of *Mathis v. United States*, ––– U.S. –––, 136 S. Ct. 2243 (2016) and other recent decisions, he argues that his prior Illinois state convictions should not have been used to impose an enhanced sentence under the career offender sentencing guidelines.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b).

## **BACKGROUND**

In 2012, Petitioner was indicted in the Southern District of Illinois for conspiracy to manufacture methamphetamine (Count 1), possession of methamphetamine-making materials (Count 2); and possession of ammunition by a felon (Count 3). *See* Case No. 4:12-cr-40108-JPG-1 ("Criminal Case"). On June 26, 2013, Petitioner executed a plea agreement and pled guilty to Counts 1, 2, and 3 of the Indictment. (Criminal Case Docs. 25 and 26). The plea agreement contained a waiver of Petitioner's right to appeal and to collaterally attack his sentence. (Doc. 1, p. 7; Criminal Case Doc. 26, pp. 8-9). However, the plea agreement also included exceptions to the waiver of postconviction remedies. (Doc. 1, p. 7; Criminal Case Doc. 26, pp. 8-9).

On October 17, 2013, pursuant to an amended judgment, Petitioner was sentenced to 151 months' imprisonment (151 months on Count 1 and 120 months on Counts 2 and 3 of the Indictment, all Counts to run concurrent with each other). *Id.* Doc. 40.

Petitioner was sentenced as a career offender pursuant to the United States Sentencing Guidelines (USSG) at § 4B1.1. (Doc. 1, p. 6). *See also* Case No. 4:12-

cr-40108-JPG-1 Doc. 34 ¶¶ 44, 63, 102. The sentencing enhancement was based on the fact that Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense, which were identified as attempted escape (case number 96-CF-253), aggravated battery (00-CF-14), and possession of a methamphetamine manufacturing chemical (05-CF-267).

Petitioner did not appeal his sentence. On May 31, 2016, Petitioner filed a motion under 28 U.S.C. § 2255 challenging his sentence in light of *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015). (Doc. 1, p. 4). *See also* Case No. 3:16-cv-589-JPG. Petitioner's § 2255 Petition was dismissed pursuant to Petitioner's Notice of Voluntary Dismissal on March 23, 2017. Case No. 3:16-cv-589-JPG Docs. 7 and 8.

### **Discussion**

A prisoner may employ § 2241, as opposed to § 2255, to challenge his federal conviction or sentence under very limited circumstances. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Here, Petitioner argues that, in light of *Mathis* and related authority, his prior Illinois convictions do not qualify as predicate offenses for a career-criminal enhancement. (Doc. 1, pp. 8-20). Petitioner asks the Court to vacate his sentence and remand for re-sentencing without the enhancement. (Doc. 1, p. 20).

As the undersigned has explained in a number of prior decisions, this type of challenge facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Warren v. Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Wadlington v. Werlich*, No. 17-cv-4499-DRH (S.D. Ill. July 17, 2017). However, as the Court has previously noted, *Mathis* involved the Armed Career Criminal Act and not the federal sentencing guidelines. *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). Thus, the *Mathis* decision may or may not be applicable to Petitioner's sentence, where the sentencing enhancement was determined based on the advisory sentencing guidelines and not the ACCA statute.[1]

Nonetheless, given the limited record before the Court and the still-developing application of the *Mathis* decision, it is not plainly apparent that Petitioner is not entitled to habeas relief. See Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court finds it appropriate to order a response to the Petition.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before September

---

[1] The Supreme Court recently held that the residual clause in USSG § 4B1.2(a) was not subject to a vagueness challenge, distinguishing the situation where a sentence was based on the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, —— U.S. ——, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017) (distinguishing *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015)).

4

11, 2017).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated: August 11, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.08.11 13:25:22 -05'00'

**United States District Judge**