IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL LOVELL,

        Petitioner,

vs.                               Civil No. 17-cv-541-DRH-CJP

B. TRUE, Warden,

        Respondent.

## MEMORANDUM and ORDER

Petitioner Michael Lovell filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss, Doc. 12. Petitioner responded to the motion at Doc. 14.

Respondent argues that the petition must be dismissed because petitioner waived his right to file a collateral attack in his plea agreement.

## Relevant Facts and Procedural History

Pursuant to a written plea agreement, Lovell pleaded guilty to conspiracy to manufacture a mixture or substance containing methamphetamine, possession of methamphetamine-manufacturing materials, and unlawful possession of ammunition by a felon in the Southern District of Illinois. *United States v. Lovell*, Case No. 12-cr-40108-JPG. The agreement provided that it appeared that Lovell would meet the career offender criteria, but he reserved the right to argue

1

that he would not. Plea Agreement, Doc. 12, Ex. 1, ¶ 4.[1] The agreement also recited that it appeared that the sentencing range would be 151 to 188 months, but the parties recognized that the court would ultimately calculate the range after reviewing the presentence report. ¶ 3.

The plea agreement contained a waiver of the right to appeal or file a collateral attack:

III.

1. The Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial. The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the Government has provided complete discovery compliance in this case. The Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel.

2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that

---

[1] The Court uses the document, exhibit and page numbers assigned by the CM/ECF filing system.

renders the defendant actually innocent of the charges covered herein; and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

Ex. 1, pp. 8-9.

Lovell filed objections to the presentence report. He objected to being classified as a career offender, arguing that his conviction for attempted escape was not a crime of violence and his conviction for possession of a methamphetamine manufacturing chemical was not a controlled substance offense. Case No. 12-cr-40108-JPG, Doc. 32. At the sentencing hearing in October 2013, the court overruled the objections, found that petitioner qualified as a career offender, and calculated the sentencing range as 151 to 188 months. Petitioner was sentenced at the low end of the Guidelines range, to 151 months on count 1 and 120 months on counts 2 and 3, to be served concurrently. Case No. 12-cr-40108-JPG, Doc. 35.

In May 2016, petitioner filed a motion under 28 U.S.C. § 2255 in the Southern District of Illinois challenging his classification as a career offender under "the *Johnson* case." Case No. 16-589-JPG. The Federal Public Defender was appointed to represent him. Through counsel, petitioner filed a notice of voluntary dismissal in March 2017. He filed his § 2241 petition in May 2017.

## **Analysis**

Ostensibly relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Lovell argues that his prior Illinois convictions (aggravated battery, attempted

3

escape, and possession of methamphetamine manufacturing material) no longer qualify as predicate crimes for purposes of the career offender enhancement under U.S.S.G. § 4B1.1.

Petitioner cannot bring a *Mathis* claim in a § 2241 petition. There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

Earlier this month, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, ___ F.3d ___, 2017 WL 6379634 (7th Cir. Dec. 14, 2017). Lovell was sentenced in 2013, long after the Supreme Court declared the Sentencing Guidelines to be merely advisory.

Petitioner acknowledges *Hawkins*, but argues that the later case of *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), undermines *Hawkins*'

continued validity. See, Doc. 14, p. 4. He is incorrect. *Molina-Martinez* concerned the proper standard for review *on direct appeal* of unpreserved error in calculating a Guidelines range. *Molina-Martinez*, 136 S. Ct. at 1349. That case does not in any way invalidate the holding of *Hawkins*. He also suggests that *Hawkins* does not bar his claim because *Hawkins* involved a "miscalculation" of the Guidelines rather than a "misunderstanding" of the Guideline's legal effect. That is wrong. The issue in *Hawkins* was the same as the issue raised by petitioner here: the use of a prior conviction that would no longer qualify as a predicate conviction for the career offender enhancement under current law.

In addition, this collateral attack is barred by the waiver in the plea agreement.

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a §2241 petition; the waiver does not make the remedy afforded by §2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d

265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

Petitioner argues that the government cannot seek to hold him to his agreement because it declined to enforce a waiver in another defendant's case in the Eastern District of Kentucky. That argument goes nowhere. He also argues that the government recognized in a brief filed in *Persaud v. United States*, 134 S. Ct. 1023 (2014), that a petitioner who shows a "fundamental error in the criminal proceedings" can proceed by way of a § 2241 petition. That argument also goes nowhere. A statement made by the government in a brief is not binding authority for this court, and, in any event, under *Hawkins*, petitioner cannot show a "fundamental error" because he was sentenced under the advisory Guidelines.

The Seventh Circuit has enforced appeal waivers against challenges to career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998). *McGraw* is instructive here. Similar to petitioner, McGraw argued that the convictions used categorize him as a career offender no longer constituted crimes of violence after *Begay v. United States*, 128 S.Ct. 1581 (2008). The Seventh Circuit enforced the waiver, noting that "We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *McGraw*, 571 F.3d at 631.

6

Petitioner also argues that his claim fits within the exception in the agreement for a collateral attack based on "any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein." He argues that the word "and" in the last clause of the quoted phrase is somehow vague, rendering that part of the plea agreement involuntary, or that his counsel was ineffective in "interpreting that sea change between alternative understandings of the use of the conjunction at the time." Doc. 14, p. 3. That argument is nonsense. There is nothing vague or ambiguous about the word "and" in this clause. *Mathis* does not in any way render petitioner actually innocent of the charges to which he pleaded guilty, so the exception in the waiver does not apply here.

Lastly, petitioner argues that *United States v. Adkins*, 743 F.3d 176 (7th Cir. 2014), creates an exception to waivers that allows him to bring his *Mathis* claim. That case does not support his argument. In *Adkins*, the Seventh Circuit permitted a defendant to challenge some of the conditions of his supervised release as unconstitutionally vague despite his waiver of appellate rights. That case was a direct appeal, and not a collateral attack, and has nothing at all do with the career offender Guideline. That case did not, as petitioner argues, create a general exception to waivers:

> We pause to emphasize the narrowness of our holding. It remains the case that plea agreements are typically enforceable and that contractual

principles generally apply. Nor is there a general constitutional-argument exception to waivers in plea agreements.

*Adkins*, 743 F.3d at 193 [internal quotation marks omitted].

Petitioner cites *Jordan v. United States*, 2016 U.S. Dist. Lexis 155342, at page 2 of his response, suggesting that "courts started applying the principles in *Adkins*" to "vague sentencing guidelines." He is completely wrong. His citation is to an order by the district court on a motion for bond pending resolution of a § 2255 motion. *Jordan v. United States*, No. CV 15-02294, 2016 WL 6634854 (C.D. Ill. Nov. 1, 2016). Furthermore, the Supreme Court has held that the advisory Guidelines are not subject to a due process vagueness challenge. *Beckles v. United States*, 137 S. Ct. 886 (2017). Therefore, petitioner cannot bring the kind of due process challenge that was permitted in *Adkins*.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 12) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.28
15:07:46 -06'00'

United States District Judge

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).